IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TULLY SANEM,<br><br>    Plaintiff,<br><br> vs.<br><br>ECONOMIC SECURITY SERVICE BRANCH MANAGER, LAURA DOE; CSED ADMINISTRATOR CHAD DOE; INVESTIGATOR/DESIGNEE CORY DOE; and TITLE IV-D COLLECTION FRANCHISE CHILD SUPPORT ENFORCEMENT DIVISION,<br><br>    Defendants. | CV 19-6-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION |

  Plaintiff Tully Sanem, appearing pro se, identified one of the Defendants as "Title IV-D Collection Franchise Child Support Enforcement Division". That Defendant is the Child Support Enforcement Division ("CSED") of the Montana Department of Public Heath and Human Services. Sanem served his complaint on CSED at the street address for its local office in Missoula, Montana. (Doc. 3 at 2.)

### I. CSED's Rule 12(b)(6) Motion to Dismiss

  Sanem's legal claims against CSED in his First CAUSE OF ACTION through his Eleventh CAUSE OF ACTION are each expressly advanced pursuant to 42 U.S.C. § 1983. (Doc. 1 at ¶¶ 25-74.) In each claim he alleges CSED violated

his rights protected under either federal statutory law or the United States Constitution.

CSED filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss Sanem's claims under 42 U.S.C. § 1983. For the reasons stated, the Court recommends the motion be granted.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

The referenced statute provision at 42 U.S.C. § 1983 permits claims under federal law against any "person" who, while acting under color of state law, deprives the plaintiff of a federal right secured by the Constitution or laws of the United States. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). But it is well established that departments and agencies of a State are not "persons" under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989) and *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).

Because CSED is a division of a department of the State of Montana, IT IS HEREBY RECOMMENDED that CSED's motion to dismiss Sanem's causes of

action 1 through 11 should be GRANTED, and those claims should be dismissed to the extent they are advanced against CSED.

## II. CSED's Rule 12(b)(5) Motion to Dismiss – Insufficient Service of Process

Sanem's complaint asserts three additional causes of action in his Twelfth CAUSE OF ACTION through his Fourteenth CAUSE OF ACTION which do not expressly rely upon 42 U.S.C. § 1983. But CSED additionally moves to dismiss this action for lack of service on the ground that Sanem did not served his complaint and summons on CSED's "chief executive officer" as required by Fed. R. Civ. P. 4(j)(2)(A). The Court construes CSED's motion as asserting the defense of insufficient service of process under Fed. R. Civ. P. 12(b)(5).

When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of establishing the validity of the service of process. *Carr v. International Game Technology*, 770 F. Supp. 2d 1080, 1100 (D. Nev. 2011) (citing *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004)).

In response to CSED's motion, Sanem filed evidentiary documents indicating he served his complaint and summons upon Steve Bullock, the Governor of Montana. Sanem contends Governor Bullock is the "chief executive officer" referenced in Rule 4(j)(2)(A). But there exists no evidence before the Court establishing that Governor Bullock, as opposed to the Director of the

Department of Public Health and Human Services, is the proper chief executive officer of Defendant CSED.

Sanem also served a copy of his complaint on Tim Fox, the Montana Attorney General. (Docs. 14 at 3, and 14-1.) Rule 4(j)(2)(B) permits service upon a state governmental entity by serving it "in the manner prescribed by that state's law[.]" Montana law permits service upon the State "by delivering a copy of the summons and complaint to the attorney general and any other party prescribed by statute." Mont. R. Civ. P. 4(l). Although Sanem states he served a copy of his complaint on Tim Fox, he does not establish that he served a summons on Fox. Thus, his service upon Fox is deficient.

A Rule 12(b)(5) motion to dismiss for insufficient service of process affords the court the option of quashing the present service of process, as opposed to dismissing the case, to afford the plaintiff an opportunity to properly re-serve the defendant. *Martinez v. CitiMortgage, Inc.*, 347 F. Supp. 3d 677, 686-87 (D. New Mexico 2018) (citing *Chan v. Society Expeditions, Inc.*, 39 F. 3d 1398, 1404 (9th Cir. 1994) (holding that defects in service generally do not warrant dismissal unless the defendant can demonstrate actual prejudice)).

Under the circumstances of this case, IT IS RECOMMENDED that the Court should DENY CSED's Rule 12(b)(5) motion to dismiss, and should instead QUASH Sanem's present service of process on CSED and afford him an

opportunity to properly serve CSED as required by Fed. R. Civ. P. 4(j)(2) and Mont. R. Civ. P. 4(l).

DATED this 14th day of March, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge