IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED

APR 2 9 2019

Clerk, U.S. District Court
District Of Montana
Missoula


| | |
|---|---|
| TULLY SANEM,<br><br>Plaintiff,<br><br>vs.<br><br>ECONOMIC SECURITY SERVICE BRANCH MANAGER, LAURA DOE; CSED ADMINISTRATOR CHAD DOE; INVESTIGATOR/DESIGNEE CORY DOE; and TITLE IV-D COLLECTION FRANCHISE CHILD SUPPORT ENFORCEMENT DIVISION,<br><br>Defendants. | CV 19–6–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation in this § 1983 case on March 14, 2019, recommending that the Court: (1) grant the motion to dismiss of Defendant Child Support Enforcement Division ("CSED") as to Plaintiff Tully Sanem's first through eleventh causes of action; and (2) deny CSED's motion as to Sanem's twelfth through fourteenth causes of action and instead give Sanem an opportunity to correct service of process. (Doc. 18.) Sanem timely filed objections. (Doc. 19.) Consequently,

-1-

*Sanem* is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

This matter ostensibly arises from CSED's attempts to satisfy Sanem's outstanding child support obligations through income withholding. In Sanem's first through eleventh claims, he alleges the deprivation of various constitutional rights. (Doc. 1.) In his twelfth through fourteenth claims, he seeks relief under federal statutory and Montana constitutional law. (*Id.*) Judge Lynch determined that Sanem's first through eleventh claims could not survive to the degree that they are advanced against CSED because § 1983 does not create a cause of action against state agencies, such as CSED, for constitutional wrongs. (Doc. 18 at 1–3 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65, 71 (1989); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004)).

Sanem objects, contending that CSED is not a state agency but rather "a Title IV-D corporation working under the umbrella agency of [the Montana

*Department* of Public Health & Human Services ("DPHHS")] via contract." (Doc. 19 at 3.) Reviewing this portion of the Findings and Recommendation de novo, the Court agrees with Judge Lynch. DPHHS is established as one of the constitutionally authorized principal departments of the state executive branch. Mont. Code. Ann, § 2–15–2201; Mont. Const. art. VI § 7. By regulation, CSED falls under the umbrella of DPHHS. Admin. R. Mont. 37.1.101(1)(c). Thus, CSED is a state agency and cannot be sued under § 1983, and the Court overrules Sanem's objection. The Court notes that this order has no effect on Sanem's ability to seek injunctive relief against any individual sued in his or her official capacity.

The Court reviews the remainder of the Findings and Recommendation for clear error, and it finds none.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 18) is ADOPTED in full.

IT IS FURTHER ORDERED that the Defendants' Motion for Summary Judgment (Doc. 10) is GRANTED in part and DENIED in part. The motion is granted as to claims 1 through 11 to the extent that those claims are advanced against CSED. The motion is denied as to claims 12 through 14.

IT IS FURTHER ORDERED that Sanem's present service of process on CSED is QUASHED, and Sanem may now properly serve CSED as outlined in Judge Lynch's Findings and Recommendation.

DATED this 29th day of April, 2019.

Dana L. Christensen, Chief Judge
United States District Court