IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TULLY SANEM,<br><br>              Plaintiff,<br><br>vs.<br><br>ECONOMIC SECURITY SERVICE BRANCH MANAGER, LAURA SMITH (ACTING) individual capacity; CSED ADMINISTRATOR CHAD DEXTER individual capacity; INVESTIGATOR/DESIGNEE CORY DOE individual capacity; and DPHHS DEPARTMENT DIRECTOR SHEILA HOGAN, official capacity,<br><br>              Defendants. | CV 19-6-M-DLC-KLD<br><br>ORDER |

United States Magistrate Judge Kathleen L. DeSoto entered her Findings and Recommendation in this § 1983 case on January 29, 2020, recommending that the Court: (1) grant the Defendants' motion for summary judgment; (2) deny Plaintiff Tully Sanem's cross-motion for summary judgment; and (3) dismiss this case. (Doc. 66.) Sanem timely filed objections. (Doc. 67.) Consequently, Sanem is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court

-1-

reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

In this lawsuit, Sanem alleges that the Defendants, various state actors, violated his federal constitutional rights by taking actions to enforce his outstanding child support obligations—specifically, by issuing withholding orders, withholding income from his paychecks, and suspending his Montana driver's license. Judge DeSoto analyzed whether Sanem could proceed to trial on his claims for: (1) involuntary servitude in violation of the Thirteenth Amendment; (2) deprivation of property and liberty without due process in violation of the Fourteenth Amendment; (3) unlawful impairment of contracts in violation of Article 1, § 10; (4) violation of 42 U.S.C. § 666(a), which sets forth certain procedural requirements applicable to state child support enforcement schemes; and (5) violation of his unenumerated rights and his right to pursue life's basic necessities under the Montana Constitution.

In his objections, Sanem argues that: (1) the underlying child support order, entered by an Iowa district court, is void for want of personal jurisdiction; (2) the

Iowa order is void because it violates his due process rights; and (3) the Court should adopt Sanem's preferred interpretation of the Constitution under principles of contract law. The Court overrules Sanem's objections.

Reviewing de novo, the Court reaches the same conclusions as Judge DeSoto. First, the Court is without jurisdiction to consider Sanem's objections to the Iowa child support order itself, as the *Rooker-Feldman* doctrine bars invalidation of a state court judgment. (*See* Doc. 66 at 8–10). Second, like taxation, garnishment of wages to enforce a child support order does not transform paid labor into "slavery [or] involuntary servitude." U.S. Const. amend. 14. Third, there was no violation of Sanem's due process rights when he was notified of his right to a hearing but did not request one. Fourth, Sanem did not exercise his right to challenge the suspension of his driver's license, which was consistent with statutory and regulatory law. Fifth, Sanem has not suggested how Montana's child support enforcement scheme may be inconsistent with federal statutory law. And finally, the Court agrees with Judge DeSoto that it should decline to exercise supplemental jurisdiction over Sanem's claims brought under the Montana Constitution.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 66) is ADOPTED in full.

IT IS FURTHER ORDERED that:

(1) The Defendants' Motion for Summary Judgment (Doc. 55) is GRANTED;

(2) Plaintiff's Cross-motion for Partial Summary Judgment (Doc. 58) is DENIED; and

(3) The Clerk of Court shall enter judgment for the Defendants and dismiss this case.

DATED this 31st day of March, 2020.

Dana L. Christensen, District Judge
United States District Court